IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CRYSTAL CHAPMAN,

        Plaintiff,

v.                               CIVIL ACTION NO. 3:04-0930

JOANNE BARNHART,
Commissioner of Social Security,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

This action was referred to the Honorable Maurice G. Taylor Jr., United States Magistrate Judge, for submission to this Court of proposed findings of fact and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). The Magistrate Judge has submitted findings of fact and recommended that Plaintiff's motion for judgment on the pleadings be denied, that the like motion of Defendant be granted, and that the decision of the Commissioner be affirmed. Plaintiff has filed an objection to the Findings and Recommendation.

**I.**     **Standard of Review**

This Court must "make a *de novo* determination of those portions of the . . . [Magistrate Judge's] proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The scope of this Court's review of the Commissioner's decision, however, is narrow: This Court must uphold the Commissioner's factual findings "if they are supported by substantial evidence and were reached through application of the correct legal standard." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996) (citing 42 U.S.C. § 405(g) (providing "findings of the

Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive") (other citation omitted)). Substantial evidence is "'more than a mere scintilla'" of evidence, but only such evidence "'as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Craig*, 76 F.3d at 589; *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966) ("If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'" (citation omitted)).

In conducting this review, this Court must also address whether the ALJ analyzed all of the relevant evidence and sufficiently explained his rationale in crediting or discrediting certain evidence. *See Milburn Colliery Co. v. Hicks*, 138 F.3d 524, 528 (4th Cir. 1998); *see, e.g.*, *Murphy v. Bowen*, 810 F.2d 433, 437 (4th Cir. 1987) (remanding claim for disability benefits because ALJ did not adequately explain why he credited one doctor's views over those of another); *Gordon v. Schweiker*, 725 F.2d 231, 235 (4th Cir. 1984) (ALJ must "explicitly indicate[ ] the weight given to all of the relevant evidence"); *see also* 20 C.F.R. § 404.1527(b)-(d). Thus, while an ALJ is entitled to give less weight to an opinion or any portion of the evidence that is not supported by or is inconsistent with the other evidence in the record, such a finding must appear explicitly in the decision. *See* 20 C.F.R. §§ 404.1527(d)(3), (4) and 416.927(d)(3), (4).

It is the duty of the ALJ, however, not the courts, to make findings of fact and credibility determinations and to resolve conflicts in the evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). If, in the face of conflicting evidence, reasonable minds could differ as to whether a claimant is disabled, it is the Commissioner or his designate, the ALJ, who makes the decision. *Craig*, 76 F.3d at 589 (citing *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987)). "The issue before [this Court], therefore, is not whether [Plaintiff] is disabled, but whether the A.L.J.'s finding

that . . . [he] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Craig*, 76 F.3d at 589 (citing *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987)). Thus, it is necessary for this Court to review the evidence in this case to determine whether substantial evidence exists to support the ALJ's conclusion that Plaintiff is not disabled and that the ALJ properly applied the law.

## II.   Discussion

Plaintiff's only objection is that the Magistrate Judge and the ALJ improperly dismissed the extent of her pain levels. Plaintiff complains of knee, shoulder and back pain, and argues that she has conditions, such as bulging discs, that could produce such pain. She also argues that the doctors at the pain center would not continue to treat her without some understanding that a condition causing pain existed. The record shows that the ALJ considered the evidence and the Plaintiff's testimony and found that "the allegations of disabling pain are deemed excessive [and] not fully credible." Although the ALJ accepted that Plaintiff has underlying conditions that may result in pain, he did not accept that they are as severe as alleged.

In concluding that her credibility of pain was only fair, the ALJ referred to Plaintiff's conservative treatment, the limited objective abnormalities documented, and her lack of mental health treatment for her anxiety or depression. The ALJ considered the range of daily activities that Plaintiff remains able to perform. The ALJ also noted the inconsistencies in Plaintiff's testimony at the two hearings, and the inconsistencies between her stated pain levels to Dr. Paul Craig, an independent medical examiner, and the findings of his exam. In his findings, Dr. Craig noted that the stated pain level was higher than would be expected, and that Plaintiff had a somatic preoccupation with her conditions.

Plaintiff essentially argues that because she continues to seek and receive treatment for her

pain, the ALJ improperly dismissed her complaints. The ALJ noted that she may have pain resulting from impairments as supported by the objective medical evidence. However, the ALJ did not accept the severity of the pain alleged. In making this finding, the ALJ explicitly indicated the weight given to the evidence, and the rationale in crediting or discrediting certain evidence. The ALJ, considering all of the evidence, found the Plaintiff's credibility to be "only fair" and such credibility findings should be given "great weight" given the ALJ's "opportunity to observe the demeanor and to determine the credibility of the claimant[.]" *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984). Upon review of the evidence, the Court finds proper weight was given to the Plaintiff's testimony of pain levels.

### III. Conclusion

Accordingly, the Court **ADOPTS** and incorporates herein the findings and recommendation of the Magistrate Judge. The Court **DENIES** the Plaintiff's motion for judgment on the pleadings, **GRANTS** the Defendant's motion for judgment on the pleadings, and **ORDERS** the final decision of the Commissioner of the Social Security Administration be **AFFIRMED** consistent with the Findings and Recommendation.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to Magistrate Taylor, counsel of record, and any unrepresented parties.

ENTER: March 30, 2006

_____
ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE